UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HICKS,

        Petitioner,        Case Number: 01-CV-70951

v.        HONORABLE ARTHUR J. TARNOW

DENNIS STRAUB,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT OR IN THE ALTERNATIVE TO ADJUDICATE AN UNRESOLVED CLAIM**

Petitioner Michael Hicks filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1993 convictions for first-degree murder and possession of a firearm during the commission of a felony. On January 7, 2003, the Court issued an Opinion and Order conditionally granting the petition on the ground that Petitioner was denied his Sixth Amendment right to confrontation. Respondent appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit, which reversed this Court's decision and remanded the case with direction to dismiss the petition. Hicks v. Straub, 377 F.3d 538 (6th Cir. 2004). In accordance with the Sixth Circuit Court of Appeals' mandate, the Court dismissed the petition on December 9, 2004. Now before the Court is Petitioner's "Motion for Relief from Judgment or In the Alternative to Adjudicate an Unresolved Claim."

Petitioner seeks relief under Federal Rules of Civil Procedure 54(b) and 60(b)(1) and (6). Petitioner presents three grounds for relief. First, Petitioner argues that, while he properly presented a prosecutorial misconduct claim in an amended petition for habeas corpus relief, the

Court failed to adjudicate that claim.  Second, Petitioner argues that the Court erred in its adjudication of his ineffective assistance of counsel claim by applying the incorrect standard of review.  Third, Petitioner argues that the Court also erred in its adjudication of his ineffective assistance of counsel claim because the Court failed to analyze the claim under the AEDPA's "unreasonable determination of the facts in light of the evidence" standard.

The Court first must consider whether these issues are properly before it.  In its order reversing this Court's decision granting habeas corpus relief, the Sixth Circuit Court of Appeals remanded the case to this Court "with instruction to dismiss the petition for the writ."  Hicks v. Straub, 377 F.3d 538, 558 (6th Cir. 2004).  The mandate issued on November 16, 2004.  On December 9, 2004, the Court, in compliance with the Court of Appeals' mandate, issued an Order dismissing the petition.  It is this Order from which Petitioner seeks relief.

The mandate rule "'compels compliance on remand with the dictates of the superior court.'"  United States v. O'Dell, 320 F.3d 674, 679 (6th Cir. 2003) (*quoting* United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001)).  This rule "serves the interest of finality."  Id.  "'Repetitive hearings, followed by additional appeals, waste judicial resources.'"  United States v. Moore, 131 F.3d 595, 599 (6th Cir. 1997) (*quoting* United States v. Santonelli, 128 F.3d 1233, 1238 (8th Cir. 1997)).  When an appellate court issues a general remand, the district court has greater latitude on remand.  Id.  When a limited remand is issued, the "'district court is bound to the scope of the remand issued by the court of appeals.'"  Id. *(quoting* United States v. Campbell, 168 F.3d 263, 265 (6th Cir. 1999)).  To determine whether a remand is limited or general, a court should look to the language of the remand.  O'Dell, 320 F.3d at 679-80.  "The difference between [] limited mandates and [] general mandates is the presence of limiting language."  Id. at

680

In this case, the Court of Appeals remanded the case with "with instruction to dismiss the petition for the writ." Hicks, 377 F.3d at 558. "A remand directing a specific, narrow course of action is fairly considered a limited remand." Hargrave-Thomas v. Yukins, 2006 WL 2376180, * 8, No. 00-40171 (E.D. Mich. Aug. 16, 2006) (Gadola, J.) (*citing* O'Dell, 320 F.3d at 680-81). Any action by this Court other than a dismissal of the petition would be inconsistent with the Court of Appeals' mandate. *Accord* id. Petitioner argues that the Court already has complied with the mandate by dismissing the petition and is, therefore, free to address his claims. Such an approach would violate the spirit of the mandate rule. If a district court could circumvent a Court of Appeals' mandate by complying with the mandate and then, upon motion by a party, acting in a manner inconsistent with the mandate, the mandate rule would be rendered meaningless.

Even if the mandate rule did not foreclose consideration of a Rule 60(b) motion in this Court, review of the motion is foreclosed because Petitioner has not obtained from the Court of Appeals authorization to file a successive habeas petition. The Supreme Court has held that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive petition." Gonzalez v. Crosby, __ U.S. __, 125 S. Ct. 2641, 2649 (2005) (emphasis in original). Petitioner argues that relief from judgment should be granted because the Court erred in denying his ineffective assistance of counsel claim by applying an incorrect standard of review and failing to analyze the claim under 28 U.S.C. § 2254(d)(2). Petitioner's argument clearly seeks to revisit the Court's disposition on the merits. Therefore, it is a successive petition. Before a second or successive habeas petition is filed in a

federal district court, a habeas petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent such an order from the court of appeals, a federal district court lacks jurisdiction to entertain a successive habeas corpus petition. McQueen v. Patton, 118 F.3d 460, 461 (6th Cir. 1997).

Finally, the Court is not persuaded by Petitioner's argument that the Court may address his claims under Rule 54(b). Petitioner argues that the Court failed to address his prosecutorial misconduct claim and, under Rule 54(b), may now do so. However, the Sixth Circuit denied Petitioner's prosecutorial misconduct claim.[1] This Court, therefore, may not adjudicate that claim. *See* Hargrave-Thomas, 2006 WL 2376180, *11. ("[T]his [district court] is a court of limited authority, confined by law and the decisions of superior courts.").

Accordingly, **IT IS ORDERED** that the Motion for Relief from Judgment or in the Alternative to Adjudicate an Unresolved Claim is **DENIED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 5, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

---

[1] Petitioner filed a motion for rehearing *en banc*, arguing, *inter alia*, that reconsideration and remand were necessary for adjudication of Petitioner's prosecutorial misconduct claim. The Court of Appeals denied rehearing, holding: "the issues raised in the petition were fully considered upon the original submission and decision of the case." Hicks v. Straub, No. 03-1124 (6th Cir. Nov. 8, 2004).