UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HICKS,

        Petitioner,         Case Number: 01-70951

v.        HON. ARTHUR J. TARNOW

DENNIS STRAUB,

        Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABLITY AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Michael Hicks filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1993 convictions for first-degree murder and possession of a firearm during the commission of a felony. On January 7, 2003, the Court issued an Opinion and Order conditionally granting the petition on the ground that Petitioner was denied his Sixth Amendment right to confrontation. Respondent appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit, which reversed this Court's decision and remanded the case with direction to dismiss the petition. Hicks v. Straub, 377 F.3d 538 (6th Cir. 2004). In accordance with the Sixth Circuit Court of Appeals' mandate, the Court dismissed the petition on December 9, 2004. Petitioner then filed a "Motion for Relief from Judgment or In the Alternative to Adjudicate an Unresolved Claim," which the Court denied. Petitioner has now filed a Notice of Appeal and Motion to Proceed *In Forma Pauperis* on Appeal.

Before a petitioner may appeal the denial of a Motion for Relief from Judgment filed pursuant to Fed. R. Civ. P. 60(b), a certificate of appealability (COA) must issue. 28 U.S.C. §

Hicks v. Straub, No. 01-70951

2253(c)(1)(A); *see* Lazo v. United States, 314 F.3d 571, 574 (11th Cir. 2002) (holding that "a COA is a necessary prerequisite to appealing the denial of the 60(b) motion."); Kellogg v. Strack, 269 F.3d 100, 103 (2nd Cir. 2001) ("[T]he COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition.").

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner seeks a certificate of appealability from the denial of a habeas petition, the Supreme Court has held that the substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Second Circuit Court of Appeals has articulated this standard in the context of the denial of a Rule 60(b) motion as follows:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

Kellogg, 269 F.3d at 104.

Petitioner sought relief under Federal Rules of Civil Procedure 54(b) and 60(b)(1) and (6). Petitioner presented three grounds for relief. First, Petitioner argued that, while he properly presented a prosecutorial misconduct claim in an amended petition for habeas corpus relief, the Court failed to adjudicate that claim. Second, Petitioner argued that the Court erred in its

Hicks v. Straub, No. 01-70951

adjudication of his ineffective assistance of counsel claim by applying the incorrect standard of review.  Third, Petitioner argued that the Court also erred in its adjudication of his ineffective assistance of counsel claim because the Court failed to analyze the claim under the AEDPA's "unreasonable determination of the facts in light of the evidence" standard.

The Court held that the mandate rule, which "'compels compliance on remand with the dictates of the superior court,'" prevented the Court from taking any action in this matter other than the dismissal directed by the Court of Appeals in its mandate.  United States v. O'Dell, 320 F.3d 674, 679 (6th Cir. 2003) (*quoting* United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001)).

The Court further held that, even if the mandate rule did not foreclose consideration of a Rule 60(b) motion in this Court, review of the motion was foreclosed because Petitioner did not obtain from the Court of Appeals authorization to file a successive habeas petition.  "[A] Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive petition."  Gonzalez v. Crosby, __ U.S. __, 125 S. Ct. 2641, 2649 (2005) (emphasis in original).  Petitioner sought to revisit the Court's disposition on the merits in that he argued that the Court erred in denying his ineffective assistance of counsel claim by applying an incorrect standard of review and failing to analyze the claim under 28 U.S.C. § 2254(d)(2).  Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Petitioner did not obtain the required prior authorization.

Finally,  the Court denied Petitioner's argument that the Court could address his

3

Hicks v. Straub, No. 01-70951

prosecutorial misconduct claim under Federal Rule of Civil Procedure 54(b).  Because the Sixth Circuit Court of Appeals denied Petitioner's prosecutorial misconduct claim, this Court held it could not adjudicate that claim.  *See* Hargrave-Thomas, 2006 WL 2376180, *11.  ("[T]his [district court] is a court of limited authority, confined by law and the decisions of superior courts.").

The Court finds that jurists of reason would find it debatable whether the Court abused its discretion in ruling that the mandate rule and the rule requiring prior authorization for the filing of a successive habeas petition barred consideration of Petitioner's motion, and that jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.  Therefore, the Court grants a certificate of appealability on the following issues: whether the mandate rule and the rule requiring prior authorization for the filing of a successive habeas petition barred consideration of Petitioner's motion.

This Court finds that jurists of reason would not find that the Court abused its discretion in concluding that the Court could not review Petitioner's prosecutorial misconduct claim under Federal Rule of Civil Procedure 54(b).

Petitioner also has filed an Application to Proceed on Appeal Without Prepayment of Fees and Costs.  Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]he standard governing the issuance of a certificate of

4

Hicks v. Straub, No. 01-70951

appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).  The Court finds that an appeal may be taken in good faith.  The Court, therefore, shall grant the Motion to Proceed *In Forma Pauperis* on Appeal.

Accordingly, **IT IS ORDERED** that Petitioner's Request for Certificate of Appealability is **GRANTED** with respect to the questions of whether the mandate rule and the rule requiring prior authorization for the filing of a successive habeas petition barred consideration of Petitioner's motion for relief from judgment and **DENIED** with respect to Petitioner's claim that the Court should review the prosecutorial misconduct claim under Federal Rule of Civil Procedure 54(b).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal is **GRANTED**.

                                          s/Arthur J. Tarnow
                                          Arthur J. Tarnow
                                          United States District Judge

Dated:  October 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 19, 2006, by electronic and/or ordinary mail.

                                          s/Catherine A. Pickles
                                          Judicial Secretary